UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MITCHELL SANDERS,<br><br>      Plaintiff,<br><br>v.<br><br>COLLECTION PROFESSIONALS, INC.,<br><br>      Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:21-cv-00447<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Mitchell Sanders ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of Collection Professionals, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois, and Plaintiff resides in the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who resides in the Northern District of Illinois and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a collection agency with its principle office located at 400 N. Dudley St. Macomb, IL 61455. Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Illinois.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Prior to the events giving rise to this cause of action, Plaintiff's child received services at the Illinois Institute of Pediatric Cardiology.

7. Due to financial hardship, Plaintiff defaulted on his payments on the medical bill ("subject debt").

8. At some point in time thereafter, the subject debt was placed with Defendant for collection.

9. On May 28, 2020, Defendant mailed Plaintiff a dunning letter in an effort to collect the subject debt ("Defendant's Letter").

10. Defendant's Letter depicted, in pertinent part, as follows:



**Collection Professionals, Inc.**
723 First Street • La Salle IL 61301-2535
(815) 223-0804

05/28/20

MITCHELL SANDERS
6837 S Claremont Ave
Chicago IL 60636-3138

| Creditor | Regarding | Principal | Interest | Amt Owed |
|---|---|---|---|---|
| IL INST PEDIATRIC CARDI | SANDERS, ALANNA | 82.64 | 2.07 | 84.71 |

**GOOD CREDIT IS A VALUABLE ASSET**

Credit ratings are determined by the actual paying habits of the person involved. Unpaid collections may hinder an individual's ability to obtain credit when needed. You have a right to check your credit files at anytime.

The total shown above represents the amount due on your account(s) listed with this office for collection. It would be in your best interests to contact us promptly and make arrangements to pay your balance in full.

The balance provided on this notice may be different from the actual amount owed due to the accrual of interest.

Collection Professionals, Inc is a debt collection agency. This is an attempt to collect a debt and any information obtained will be used for that purpose.

You can make payments at **WWW.COLLPROFINC.COM**

*** Please detach below and return in the enclosed envelope with your payment ***

PO Box 416
La Salle IL 61301-0416
RETURN SERVICE REQUESTED

Date: 05/28/20

MITCHELL SANDERS
6837 S Claremont Ave
Chicago IL 60636-3138

We also accept Visa, MasterCard & Discover
Or Call to make a payment! (815) 223-0804

Account #: 629219    Total Balance: $84.71

Make your check or money order payable to:

Collection Professionals, Inc
PO Box 416
La Salle IL 61301-0416

3

11. Defendant's Letter did not conspicuously identify the current creditor as required by §1692g(a)(2) of the FDCPA.

12. Specifically, Defendant's Letter identified "IL INST PEDIATRIC CARDI" as the "Creditor" but did not specifically identify the current creditor to whom the debt is owed.

13. Accordingly, Defendant's Letter confused Plaintiff, as he was unable to determine whether the Illinois Institute of Pediatric Cardiology was the "creditor" and the current creditor or whether the Illinois Institute of Pediatric Cardiology sold the debt to an unknown third party.

14. In other words, just because the Illinois Institute of Pediatric Cardiology may have been the original creditor does not necessarily mean that it is also the current creditor.

15. Although Defendant's Letter identified the debt it sought to collect, it did not identify to whom the debt is currently owed to.

16. Specifically, Defendant's Letter did not identify the entity that "referred" the subject debt to Defendant.

17. Further obfuscating the identity of the current creditor, Defendant's Letter requested that payment be made directly to Defendant, thus raising the possibility that Defendant is the current creditor.

18. This language raised the possibility that the subject debt could have been sold by the Illinois Institute of Pediatric Cardiology, but did not clarify who actually owned the subject debt.

19. Accordingly, Defendant's Letter rendered it impossible for Plaintiff to determine whether the Illinois Institute of Pediatric Cardiology, Defendant, or an unknown third party was the current creditor to whom the subject debt is owed.

20. The Dunning Letter additionally stated that there is an Interest amount owed of $2.07.

21. The Interest amount perplexed Plaintiff, as he never made an agreement to pay an interest fee at the time of services, nor was it identified in any contract with Defendant's predecessors.

### DAMAGES

22. Due to Defendant's failure to identify the current creditor, Plaintiff did not make a payment on the subject debt as the omission of the identity of the current creditor rendered it impossible for Plaintiff to determine whom he is ultimately paying.

23. This uncertainty resulted in an appreciable risk of harm to Plaintiff because her decision not to pay, which was driven by the confusion pertaining to the owner of the subject debt, raised the risk of imminent adverse credit reporting of the subject debt by the owner of the subject debt, who is presently unknown.

24. There is no question that having information regarding the entity that Plaintiff was indebted to is of substantive value and material to Plaintiff's financial affairs. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ..."). *See also, Hill v. Resurgent Capital Services, L.P.*, 461 F. Supp. 3d 1232 (S.D. Fla. 2020).

25. Without this critical information, Plaintiff ran the risk of making payment to an unknown entity and having his payment swallowed into a black hole.

26. Based on the foregoing, Plaintiff was deprived of his right to receive critical information required by the FDCPA and was harmed as a result thereof causing Plaintiff stress, anxiety, and overall emotional distress.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff reallages paragraphs 1 through 26 herein.

28. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

29. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects defaulted debts and uses the mail to collect delinquent accounts allegedly owed to a third party.

30. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

31. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32. Defendant used the mail to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

33. Defendant's Letter to Plaintiff were made in connection with the collection of the subject debt.

34. Defendant violated §1692e(2) by stating that Plaintiff owed an interest amount on top of the principal, despite Plaintiff never agreeing to an interest fee.

35. Defendant violated 15 U.S.C. §§1692g(a)(2) through its unlawful debt collection practices regarding the subject debt.

36. Section 1692g(a) provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
>     (1)    the amount of the debt;

> (2) **the name of the creditor to whom the debt is owed**;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

37. Section 1692g of the FDCPA requires debt collectors to make certain critical disclosures to consumers, including the identity of the current creditor.

38. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

39. Specifically, Defendant violated §1692g(a)(2) by failing to identify the entity to whom the subject debt is currently owed to.

40. As set forth above, Defendant's Letter was highly confusing and impacted Plaintiff's decision to pay the subject debt, which resulted in concrete harm to Plaintiff as set forth above.

41. Assuming that the Illinois Institute of Pediatric Cardiology is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because the sheer presence of the correct name in the notice somewhere does not suffice to identify the entity to whom the subject debt is currently owed to.

42. Upon information and belief, Defendant systematically deceives consumers as to the identity of the creditor to whom the debt is owed, in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

43. Defendant violated 15 U.S.C. §1692f and f(1) by collecting interest not authorized by agreement or permitted by law. Specifically, Defendant attempted to add interest in the amount of $2.07 to a medical debt that was not authorized by the original creditor to whom the debt is owed or was it authorized by Illinois law.

44. As stated above, Plaintiff was harmed by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, MITCHELL SANDERS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 26, 2021 	Respectfully submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com

9